IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN RAILROADS; AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION; and NATIONAL WASTE & RECYCLING ASSOCIATION – NEW YORK STATE CHAPTER, | : : : : | |
| Plaintiffs, | : | Case No. 24-cv-00135(RA) |
| v. | : | |
| BASIL SEGGOS, Commissioner of the New York Department of Environmental Conservation; and LETITIA JAMES, Attorney General of New York, in their official capacities, | : : : | |
| Defendants. | : | |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8797

March 6, 2024

Of Counsel:
  Philip Bein
  Elizabeth Morgan

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii
PRELIMINARY STATEMENT ........................................................................................... 1
STATUTORY AND REGULATORY FRAMEWORK ....................................................... 2
   Federal Regulation of Railroads ..................................................................................... 2
   New York's Waste by Rail Law ...................................................................................... 4
   The Complaint ................................................................................................................. 5
ARGUMENT ........................................................................................................................ 8
THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION ........................................................................................................................ 8
POINT I ................................................................................................................................ 9
STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVL PROCEDURE ................................................................. 9
POINT II .............................................................................................................................. 9
ICCTA PREEMPTION DOES NOT APPLY TO THE WASTE BY RAIL LAW ............. 9
POINT III ........................................................................................................................... 13
THE WASTE BY RAIL LAW IS NOT PREEMPTED BY THE RAIL SAFETY ACT .. 13
CONCLUSION .................................................................................................................. 16

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                           **Page(s)**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................... 9

*Boston & Me. Corp. v. Surface Transp. Bd.,*
  364 F.3d 318 (D.C. Cir. 2004) ........................................................................... 4, 9

*Brotherhood of Locomotive Engineers and Trainmen v. Southern California
  Regional Rail Authority,*
  2010 WL 2923286 (C.D. Cal. June 30, 2010)................................................... 2, 15

*CSX Transportation, Inc. v. City of Plymouth,*
  283 F.3d 812 (6th Cir. 2002) ................................................................................. 2

*Emerson v. Kansas City S. Ry. Co.,*
  503 F.3d 1126 (10th Cir. 2007) ............................................................................. 3

*In re Waneck,*
  No. FD 36167, 2018 WL 5723286 (S.T.B. Oct. 31, 2018) ............................... 4, 10

*Iowa, Chi. & E. R.R. Corp. v. Wash. County,*
  384 F.3d 557 (8th Cir.2004) ......................................................................3-4, 9-10

*Island Park, LLC v. CSX Transportation,*
  559 F.3d 96 (2d Cir. 2009)............................................................................passim

*Perry v. Union Pacific Railroad Co.,*
  2021 WL 1123580 (D. Colo. Mar. 24, 2021)......................................................... 4

*Tyrrell v. Norfolk S. Ry. Co.,*
  248 F.3d 517 (6th Cir. 2001) ..................................................................... 4, 9, 13

*United Transp. Union v. Foster,*
  205 F.3d 851 (5th Cir. 2000) ............................................................................... 13

*Vaughn v. Phoenix House New York Inc.,*
  957 F.3d 141 (2d Cir. 2020).................................................................................. 9

**State Statutes**

Environmental Conservation Law
    § 27-0701[1] ............................................................................................................. 5
    § 27-0712................................................................................................................ 5, 10-11
    § 27-0712[1] ........................................................................................................... 5, 11
    § 71-2703................................................................................................................ 12
    § 71-2727................................................................................................................ 12

**Federal Statutes**

49 U.S.C.
    § 10501(b)............................................................................................................... 4
    § 20101 .................................................................................................................. 2, 11-12
    § 20103(a)............................................................................................................... 2
    § 20106 .................................................................................................................. 1, 13
    § 20106(2).............................................................................................................. 2-3, 13, 15

**Federal Regulations**

49 C.F.R.
    § 171.8.................................................................................................................... 14
    § 173.12(g).............................................................................................................. 14

**PRELIMINARY STATEMENT**

The Federal Rail Safety Act (Rail Safety Act) allows a state to enact its own railroad safety regulations when the federal Department of Transportation has not prescribed federal regulations "covering the subject matter of the State requirement." 49 U.S.C. § 20106. Consistent with the Rail Safety Act, New York enacted a railroad safety regulation called "the Waste by Rail Law." It requires placement of covers over railroad cars carrying putrescible and non-putrescible solid waste in New York. The Department of Transportation has not promulgated any regulation addressing use of covers over rail cars containing solid waste. The purpose of the Waste by Rail Law is to protect public safety and human health by requiring covers over rail cars to prevent leakage and spillage of waste along the tracks.

Plaintiffs are railroad and waste trade associations. They claim that the Waste by Rail Law is preempted by a different federal statute, the Interstate Commerce Commission Termination Act. However, the Interstate Commerce Commission Termination Act does not apply to preempt any state railroad safety regulation; preemption for safety regulations must be analyzed under the Rail Safety Act. Because the Rail Safety Act does not preempt the Waste by Rail Law, in that it is a safety regulation and there is no federal regulation covering the same subject matter, plaintiffs' complaint should be dismissed.

**STATUTORY AND REGULATORY FRAMEWORK**

**Federal Regulation of Railroads**

Congress enacted the Federal Rail Safety Act in 1970 to "promote safety in every area of railroad operations and to reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. The Federal Railway Administration within the Department of Transportation implements the Rail Safety Act. It grants the Secretary of Transportation the authority to "prescribe regulations and issue orders for every area of railroad safety." 49 U.S.C. § 20103(a). The Rail Safety Act has two savings clauses. If either clause is satisfied, a federal railroad safety regulation is not preempted. *See CSX Transportation, Inc. v. City of Plymouth*, 283 F.3d 812, 815 (6th Cir. 2002); *Brotherhood of Locomotive Engineers and Trainmen v. Southern California Regional Rail Authority,* 2010 WL 2923286, *5 (C.D. Cal. June 30, 2010).

The first savings clause provides that a "State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order *covering the subject matter of the State requirement*." 49 U.S.C. § 20106(2) (emphasis added). When there is no Department of Transportation regulation covering the subject matter of a state railroad safety regulation, the regulation is authorized and is not preempted by the Rail Safety Act. *Id; Island Park, LLC v. CSX Transportation*, 559 F.3d 96, 107 (2d Cir. 2009) ("Island Park points to no federal rail safety regulation that covers rail crossing closures. Accordingly, the state closure order

2

is not pre-empted by" the Rail Safety Act.). And Department of Transportation regulations that merely "touch upon" or "relate to" the same subject matter as a state safety law are insufficient to establish pre-emption because "'covering' is a more restrictive term which indicates that pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." *Island Park*, 559 F.3d at 108 (quoting *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664 (1993)).

The second Federal Rail Safety Act savings clause provides an alternate basis for escaping federal preemption. Under this clause a state's railroad safety regulation is authorized and not preempted by the Rail Safety Act even where there is a federal regulation on the same subject matter if it is "an additional or more stringent law" that is necessary to eliminate or reduce an essentially local safety or security hazard, is not incompatible with a federal law regulation or order, and does not unreasonably burden interstate commerce. 49 U.S.C. § 20106(2).

Congress enacted the Interstate Commerce Commission Termination Act (ICCTA) in 1995 to "establish an exclusive Federal scheme of economic regulation and deregulation for railroad transportation." *Emerson v. Kansas City S. Ry. Co.,* 503 F.3d 1126, 1132 (10th Cir. 2007). The ICCTA terminated the Interstate Commerce Commission (ICC) and transferred its regulatory functions to the Surface Transportation Board (STB) within the Department of Transportation. *See* 49 U.S.C. §§ 701–703. The ICCTA repealed much of the economic regulation previously conducted by the ICC and by state railroad regulators working in conjunction with the ICC. *Iowa, Chi. & E. R.R. Corp. v. Wash. County,* 384 F.3d 557, 559 (8th Cir.2004)

(quoting H.R.Rep. No. 104–311, at 96, *reprinted in* 1995 U.S.C.C.A.N. 793, 808). ICCTA contains an express pre-emption clause: "the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b).

The Second Circuit has addressed the interrelationship between the Rail Safety Act and the ICCTA, holding that "the federal statutory scheme places principal federal regulatory authority for rail safety with the Federal Railway Administration [FRA], not the STB." *Island Park, LLC,* 559 F.3d at 107. Thus, the Rail Safety Act, and not the ICCTA, "provides the appropriate basis for analyzing whether a state law, regulation or order affecting rail safety is pre-empted by federal law." *Id. Accord: Boston & Me. Corp. v. Surface Transp. Bd.,* 364 F.3d 318, 321 (D.C. Cir. 2004); *Iowa, Chi. & E. R.R. Corp.,* 384 F.3d at 561; *Tyrrell v. Norfolk S. Ry. Co.,* 248 F.3d 517, 523 (6th Cir. 2001); *Perry v. Union Pacific Railroad Co.*, 2021 WL 1123580, *7 (D. Colo. Mar. 24, 2021). And the STB has agreed with the Second Circuit, stating that ICCTA preemption "applies only to non-safety railroad regulation and that Congress intended to retain the well settled safety authority of the FRA and the states under [the Rail Safety Act] when it enacted [the ICCTA]." *In re Wan*eck, No. FD 36167, 2018 WL 5723286, at *5 n.6 (S.T.B. Oct. 31, 2018).

**New York's Waste by Rail Law**

Title 7 of Article 27 of the New York Environmental Conservation Law regulates solid waste. Solid waste includes "all putrescible and non-putrescible materials discarded or rejected as being spent, useless, worthless or in excess to the owners at

4

the time of such discard or rejection." ECL § 27-0701[1]. In New York, solid waste carried on vehicles, barges, ships, and scows have long been required to have covers "to assure that solid waste management is conducted in a *safe*, sanitary, efficient, and environmentally sound manner throughout the state." *Id.* § 27-0712[1] (emphasis added).

On September 29, 2023, the State enacted the Waste by Rail Law, an amendment to Section 27-0712 of the ECL, effective December 28, 2023. Under the amendment, for the first time rail cars carrying solid waste are also required to have covers. The Waste by Rail Law amends subdivision 2 of Section 27-0712 by adding the underlined language:

> 2. A municipality or any individual, firm or corporation acting on its behalf or any other individual, firm or corporation shall not cause or permit any solid waste to be transported on any vehicle, barge, ship, or scow unless the solid waste on the vehicle, barge, or scow is covered <u>provided, however, that putrescible waste transported by rail shall be covered with sealing hard lids in a manner not inconsistent with Federal Railroad Administration regulations, and non-putrescible waste shipped by rail shall be covered with hard tarping securely fastened over the load, which shall not exceed the height of the side of the rail container, in a manner not inconsistent with Federal Railroad Administration regulations</u>.

Bein Decl., Exhibit A.

**The Complaint**

Plaintiffs Association of American Railroads (AAR), American Short Line and Regional Railroad Association (ASLRRA), and National Waste & Recycling

5

Association-New York Chapter allege that the Waste by Rail Law violates the federal statutory scheme for railroad regulation and is not necessary for public health or safety. Complaint ¶¶ 2-3. They assert that the STB has exclusive authority to regulate matters falling within ICCTA's broad scope and that "[b]ecause the Waste by Rail Law manages, governs, burdens, interferes with, and discriminates against rail transportation, it is preempted by ICCTA." *Id.* ¶ 4. The complaint seeks a declaration that the Waste by Rail Law is preempted by ICCTA, and an injunction preventing defendants Basil Seggos, Commissioner of the New York Department of Environmental Conservation, and Letitia James, Attorney General of New York (collectively, the State), from enforcing it. *Id.* ¶ 5.

Plaintiffs allege that members of AAR and ASLRRA transport solid waste and other types of waste in upstate New York and Long Island and on their interstate networks. CSX, a member of AAR, allegedly transports solid waste off of Long Island. Complaint ¶ 22. Most of this waste is ultimately transported out of New York State by other carriers. *Id.*

Plaintiffs allege that waste and scrap shipping makes up a significant part of freight railroad business in New York State. Complaint ¶ 23. Ninety percent of this waste stream terminates outside of New York State, and a substantial amount of waste traffic originates outside New York and then enters the State. *Id.* ¶ 24. Waste shippers, such as WIN Waste Innovations, a member of plaintiff National Waste & Recycling Association-New York Chapter, transport construction and demolition waste to

landfills, which are often hundreds of miles away from the transfer stations and outside of New York State. *Id.* ¶ 26.

They further allege that rail containers hauling municipal solid waste use either specialized lids or custom tarping, both of which are specially designed and vented to allow gases to escape. Non-putrescible construction and demolition waste is transported in special gondola cars and fastened in by netting that keeps the contents secure while ensuring safe rail operations. Complaint ¶ 28. Plaintiffs contend that the use of a cover designed specifically to comply with the Waste by Rail Law would be complex and more expensive, in addition to creating a hazard due to the possibility of tearing and breaking loose because of the sharp, jagged nature of this type of waste. *Id.*

Plaintiffs allege that the Waste by Rail Law's requirements for sealing hard lids for putrescible waste and hard tarping for non-putrescible waste apply only to railroads and not to other forms of transportation, such as trucking, placing railroads at a competitive disadvantage. Complaint ¶ 32.

Plaintiffs allege that the Waste by Rail Law will burden rail transportation and disrupt interstate commerce, subjecting their members to risk of civil penalties and requiring railroads and waste shippers to use specific coverings that they do not currently use and to deviate from industry best practices. Complaint ¶¶ 39-41, 45. They assert that there are no practical means for them and their members to remove a covering from a rail car entering New York State, discard or store this covering, place

a new covering on the rail car, and then repeat the process in reverse when exiting the State. Id. ¶ 43.

Plaintiffs allege that they and their members will incur significant costs from attempting to comply with the Waste by Rail Law's requirements, and from the delays and disruption that compliance will occasion, but do not state what those costs would be. Id. ¶ 44.

Plaintiffs assert claims for injunctive and declaratory relief, alleging that the Waste by Rail Law conflicts with and is categorically preempted by ICCTA because it directly manages and governs rail transportation, has the effect of unreasonably burdening and interfering with rail transportation, and discriminates against railroad operations as compared to other modes of freight transportation, including trucks. Complaint ¶¶ 54-56.

Plaintiffs also assert, without explanation, that the Waste by Rail law is not a railroad safety regulation. Complaint ¶ 57. They allege that even if it is a railroad safety regulation, it is preempted by the Federal Rail Safety Act and the Hazardous Materials Transportation Act, but do not provide a basis for this allegation. *Id.*

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

The complaint fails to state a claim and should be dismissed because ICCTA preemption does not apply to the Waste by Rail Law in light of the fact it is a railroad safety regulation. In addition, the Waste by Rail Law is not preempted by the Rail

Safety Act because there is no Department of Transportation regulation or order covering the subject matter of the Waste by Rail Law.

## POINT I

### STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVL PROCEDURE

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court construes "'the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## POINT II

### ICCTA PREEMPTION DOES NOT APPLY TO THE WASTE BY RAIL LAW

This is not a case about economic regulation under the ICCTA. Rather, it is about railroad safety under the Rail Safety Act. ICCTA preemption does not apply to state railroad safety regulations because the Rail Safety Act "provides the appropriate basis for analyzing whether a state law, regulation or order affecting rail safety is preempted by federal law." *Island Park, LLC v. CSX Transportation*, 559 F.3d 96, 107 (2d Cir. 2009); *accord: Boston & Me. Corp. v. Surface Transp. Bd.,* 364 F.3d 318, 321 (D.C.

Cir. 2004); *Iowa, Chi. & E. R.R. Corp.,* 384 F.3d at 561; *Tyrrell v. Norfolk S. Ry. Co.,* 248 F.3d 517, 523 (6th Cir. 2001). As explained by the STB, ICCTA preemption "applies only to non-safety railroad regulation and Congress intended to retain the well settled safety authority of the FRA and the states under [the Rail Safety Act] when it enacted [the ICCTA]." *In re Wan*eck, No. FD 36167, 2018 WL 5723286, at *5 n.6 (S.T.B. Oct. 31, 2018). *see Island Park, LLC v. CSX Transportation,* 559 F.3d 96, 101 (2d Cir. 2009) (citing *Altria Group, Inc. v. Good,* 129 S.Ct. 538, 543 (2008)) (denying ICTTA preemption and noting that the historic police powers of the States are not to be superseded by a federal statute unless that was the clear and manifest purpose of Congress.) Interpreting ICCTA preemption to "apply to any state rail safety regulation that tangentially touches upon rail construction or other operational matters would effectively repeal FRSA's preemption by implication with no indication that Congress intended such a result." *In re Wan*eck, No. FD 36167, 2018 WL 5723286, at *5 n.6 (S.T.B. Oct. 31, 2018). (citing *Tyrrell,* 248 F.3d at 522-23).

A state regulation can be a railroad safety regulation if it addresses safety for members of the public, and not just safety for railroad personnel. See *Iowa, Chi. & E. R.R. Corp. v. Wash. County,* 384 F.3d 557, 559 (8th Cir.2004) (state order to railroads to rebuild bridges to protect vehicles on highway crossing tracks); *In re Wan*eck, No. FD 36167, 2018 WL 5723286, at *5 n.6 (S.T.B. Oct. 31, 2018) (state common law recovery for injuries to bus passengers from collision with freight train); *see Island Park, LLC v. CSX Transportation,* 559 F.3d 96, 107 (2d Cir. 2009) (state order to close railroad crossing used to transport heavy, slow-moving farm equipment).

10

Here, the Waste by Rail Law *is* a railroad safety regulation despite plaintiffs' conclusory assertion in the complaint otherwise. First, the Waste Rail Law is a railroad safety regulation based on its own language and purpose. It is part of ECL § 27-0712, a broader statute which sets forth requirements for coverings over solid waste carried in transit. The purpose of Section 27-0712 is "to assure that solid waste management is conducted in a *safe*, sanitary, efficient and environmentally sound manner throughout the state." ECL § 27-0712(1) [emphasis added]. To accomplish this purpose, the statute specifies that covers are "necessary to protect against the spillage of waste and emission of odors during its transfer and transportation." *Id*. Moreover, the sponsor's memorandum in support of the Waste by Rail Law reinforces its safety objective by announcing its purpose "to prevent leakage and spillage along the tracks," and to address "health concerns" associated with noxious odors. Bein Decl. Exhibit B. In the assembly debate, the law's sponsor stated that "noxious fumes from this waste harms the surrounding communities, posing severe health hazards and also environmental hazards." Bein Decl. Exhibit C at 74.

The safety objective of the Waste by Rail Law is further underscored by its reference to the Federal Railroad Administration, the regulatory agency that administers railroad safety. The Waste by Rail Law makes clear that New York law does not require anything "inconsistent with Federal Railroad Administration" regulations addressing railroad safety. In summary, the Waste by Rail Law conforms to the purpose of the Rail Safety Act to "promote safety in every area of railroad operations and to reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.

Second, the Waste by Rail Law is calculated to secure railroad safety benefits by requiring covers over rail cars carrying solid waste, and thereby mitigating potential harm to railroad personnel and local residents. Solid waste can spill from a rail car especially if it lacks a sealed hard lid or is piled too high, potentially causing personal injuries from "railroad-related accidents and incidents" that the Railway Safety Act is intended to prevent. *See* 49 U.S.C. § 20101. The Waste by Rail law addresses the risks of injuries from such accidents and incidents by requiring sealed hard lids or hard tarps which may not exceed the height of the side of the rail container, requirements which the New York Department of Environmental Conservation and New York Attorney General can enforce civilly or criminally. *See* ECL §§ 71-2703, 71-2727. In addition, construction and demolition debris carried in uncovered rail cars can present health hazards because it generates hydrogen sulfide gas from the breakdown of gypsum wall board, especially in the presence of water, which can be supplied by rain falling on an uncovered rail car.[1] This odorous gas can cause "eye, throat and lung irritation, nausea, headache, nasal blockage, sleeping difficulties, weight loss, chest pain, and aggravation of asthma."[2] The installation of covers over rail cars carrying this waste stream can mitigate these health hazards.

In conclusion, because the Waste by Rail Law is a railroad safety regulation, ICCTA preemption does not apply.

---

[1] *See* https://www.health.ny.gov/environmental/chemicals/hydrogen_sulfide/#:~:text=Landfills%20are%20a%20common%20source,be%20produced%20as%20it%20degrades.

[2] *See* https://www.health.ny.gov/environmental/outdoors/air/landfill_gas.htm.

12

## POINT III

## THE WASTE BY RAIL LAW IS NOT PREEMPTED BY THE RAIL SAFETY ACT

The Waste by Rail Law is not preempted, because it falls squarely within the first savings clause in the Rail Safety Act. Under that clause, where there is a state safety law on a subject matter not covered by federal regulation, that safety law is not preempted by the Federal Rail Safety Act. 49 U.S.C. § 20106. And, although plaintiffs allege that the Waste by Rail Law causes impacts to interstate commerce, such impacts are not relevant to analysis under the first savings clause.

Federal Rail Safety Act preemption is "even more disfavored than preemption generally. . . [W]hen deciding whether the [Federal Rail Safety Act] preempts state laws designed to improve railroad safety, we interpret the relevant federal regulations narrowly to ensure that the careful balance that Congress has struck between state and federal regulatory authority is not improperly disrupted in favor of the federal government." *United Transp. Union v. Foster*, 205 F.3d 851, 860 (5th Cir. 2000) (internal quotations omitted). In fact, "a presumption against federal preemption [under the Federal Rail Safety Act] is embodied in the saving clauses of 49 U.S.C. § 20106." *Tyrrell,* 248 F.3d at 524.

Under the Federal Rail Safety Act's first savings clause, a state "law, regulation, or order related to railroad safety" is authorized and not preempted by that federal Act when the Secretary of Transportation has not prescribed a regulation or issued an order "*covering the subject matter of the State requirement.*" 49 U.S.C. § 20106(2)

13

(emphasis added). *Island Park, LLC v. CSX Transportation*, 559 F.3d 96, 107 (2d Cir. 2009) ("Island Park points to no federal rail safety regulation that covers rail crossing closures. Accordingly, the state closure order is not pre-empted by" the Rail Safety Act.). Here, because there is no Department of Transportation regulation or order covering the subject matter of the Waste by Rail Law, that law is not preempted.

The subject matter of the Waste by Rail Law is coverings over rail car shipments of putrescible and non-putrescible solid waste in New York. And there are no Department of Transportation regulations covering that subject matter. Indeed, nothing in those regulations mentions coverings at all or purports to regulate the putrescible and non-putrescible waste streams carried by rail cars. In fact, 49 C.F.R. § 173.12(g) makes clear that the Department of Transportation does not regulate putrescible waste under its hazardous materials transportation regulations, which are set forth in title 49, subchapter C of the Code of Federal Regulations. 49 C.F.R. § 173.12(g) expressly leaves putrescible waste to states, localities, and Indian tribes alone to regulate. It states: "Household waste, as defined in § 171.8 of this subchapter, is not subject to the requirements of this subchapter when transported in accordance with applicable state, local, or tribal requirements." "Household waste" is the same as putrescible waste because it "means any solid waste (including garbage, trash, and sanitary waste from septic tanks) derived from households (including single and multiple residences, hotels and motels, bunkhouses, ranger stations, crew quarters, campgrounds, picnic grounds, and day-use recreation areas." 49 C.F.R. § 171.8.[3]

---

[3] Household hazardous waste that is consolidated and transported from a collection center (typically for disposition Household hazardous waste that is consolidated and transported

Moreover, the non-putrescible solid waste of concern in this case is construction and demolition debris carried in rail cars. See Complaint ¶¶ 7, 26, 28, 41. Nothing in the Department of Transportation's regulations addresses coverings for construction and demolition debris carried in rail cars or emissions of hydrogen sulfide gas in rail cars generated from that waste. For that reason as well, the Waste by Rail Law is not preempted.

While plaintiffs have alleged that the Waste by Rail Law unreasonably burdens interstate commerce, Complaint ¶¶ 54-56, that allegation is not relevant to the first savings clause applicable in this matter, which turns on whether there is a Department of Transportation regulation or order "*covering the subject matter of the State requirement.*" 49 U.S.C. § 20106(2). While impacts on interstate commerce are relevant to the second savings clause, for purposes of this motion to dismiss only the State does not invoke that clause in support of the Waste by Rail Law. *See Brotherhood of Locomotive Engineers and Trainmen v. Southern California Regional Rail Authority*, 2010 WL 2923286, *5 (C.D. Cal. June 30, 2010) (satisfaction of the first savings clause means that the state railroad safety regulation is not preempted regardless of whether the second savings clause is satisfied); *Is. Park, LLC v CSX Transp.*, 559 F.3d 96, 108 (2d Cir 2009) (finding preemption under the first savings clause without analyzing whether the state law posed an unreasonable burden on interstate commerce)

In conclusion, New York's Waste by Rail Law is not pre-empted by the Rail Safety Act, regardless of any possible effects on interstate commerce, because it is a

---

from a collection center (typically for separate disposition from putrescible waste) is carved out of the definition of "household waste." *Id*.

15

railroad safety regulation the subject matter of which is not covered by Department of Transportation regulations.

## CONCLUSION

For the reasons described above, the complaint should be dismissed and the Court should grant such other and further relief as it deems just and proper.

Dated: New York, New York
March 6, 2024

                                  LETITIA JAMES
                                  Attorney General of New York
                                  *Attorney for Defendants*

                                  By: */s/ Philip Bein*
                                       Philip Bein (PB1742)

                                  Senior Counsel
                                  New York State Attorney General's Office
                                  28 Liberty Street, 19th Floor
                                  New York, New York 10005
                                  (212) 416-8797
                                  Philip.bein@ag.ny.gov

Of Counsel:
    Elizabeth Morgan