April 1, 2024

<u>VIA ECF</u>
The Honorable Ronnie Abrams
United States District Court for the Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   *Association of American Railroads v. Seggos*, Case No. 24-cv-00135-RA

Dear Judge Abrams:

    The parties write pursuant to the Court's Order of January 18, 2024 (Dkt. 16).

    The parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. The parties agree that it is appropriate to defer discovery and further scheduling in this case—including the parties' Rule 26(a) initial disclosures—until after the Court's resolution of Defendants' pending motion to dismiss (Dkt. 26). Following the Court's resolution of the motion to dismiss, and assuming the Court has not dismissed the case, the parties would confer again regarding whether, and to what extent, discovery is necessary, or whether cross-motions for summary judgment would be appropriate to resolve the case.

    The parties also propose to defer the issuance of a full case management plan and scheduling order until the Court has resolved Defendants' motion to dismiss and the parties have subsequently conferred.

    The parties likewise propose to postpone the initial status conference presently scheduled for April 12, 2024, until the resolution of Defendants' motion to dismiss. At that point, the parties will be in a better position to discuss the future of this litigation, and the conference would likely be more productive.

    The remainder of this letter provides the additional information requested by the Court's Order of January 18.

*Nature of the Action and Principal Defenses*

    Plaintiffs are three trade associations whose members are involved in the shipment of solid waste by rail. They have brought suit to enjoin the enforcement of legislation recently passed by New York State—the Waste By Rail Law—that requires railroads and their waste shipper customers to cover solid waste with specific types of coverings when the waste is transported by rail within New York. According to Plaintiffs, freight railroads maintain interconnected, interstate rail networks that rely on a uniform national regulatory scheme. Plaintiffs allege that the Waste By Rail Law would disrupt and burden these rail networks, and the shippers that use them, by creating a balkanized, state-by-state regulatory patchwork. Plaintiffs contend that the Waste By Rail Law is preempted by the Interstate Commerce Commission Termination Act (ICCTA), which preempts state laws that govern, burden, or discriminate against rail transportation. Plaintiffs argue

April 1, 2024
Page 2

that even if the Waste By Rail Law could somehow be deemed a "safety regulation," which it is not, it would also be preempted by the Federal Railroad Safety Act (FRSA), as well as by the Hazardous Materials Transportation Act (HMTA). Plaintiffs accordingly ask the Court to declare the Waste By Rail Law preempted and enjoin Defendants from taking any action to enforce it against Plaintiffs or their members.

Defendants are Basil Seggos, Commissioner of the New York Department of Environmental Conservation, and Letitia James, Attorney General of New York, in their official capacities. Defendants have enforcement authority over the Waste by Rail Law. According to Defendants, in New York, solid waste carried on vehicles, barges, ships, and scows have long been required to have covers "to assure that solid waste management is conducted in a *safe*, sanitary, efficient, and environmentally sound manner throughout the state." New York Environmental Conservation Law (ECL) § 27-0712[1] (emphasis added). On September 29, 2023, the State enacted the Waste by Rail Law, an amendment to Section 27-0712 of the ECL, effective December 28, 2023. Under the amendment, for the first time rail cars carrying solid waste are also required to have covers.

Defendants contend that this is not a case about economic regulation of railroads under the ICCTA. Rather, Defendants argue that it is about railroad safety under the FRSA. Defendants assert that ICCTA preemption does not apply to state railroad safety regulations because the FRSA "provides the appropriate basis for analyzing whether a state law, regulation or order affecting rail safety is pre-empted by federal law." *Island Park, LLC v. CSX Transportation*, 559 F.3d 96, 107 (2d Cir. 2009). According to Defendants, the complaint fails to state a claim and should be dismissed because ICCTA preemption does not apply to the Waste by Rail Law in light of the fact it is a railroad safety regulation. In addition, Defendants contend that the Waste by Rail Law is not preempted by the FRSA because there is no Department of Transportation regulation or order covering the subject matter of the Waste by Rail Law.

*Jurisdiction and Venue*

This court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Supremacy Clause of the Constitution and the laws of the United States, including ICCTA.

Venue is proper in this Court under 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of New York. In particular, Plaintiffs contend that their members carry out operations within the Southern District of New York that would be affected by the enforcement of the Waste By Rail Law.

Plaintiffs are incorporated and maintain their principal places of business as follows:

- Plaintiff Association of American Railroads is a nonstock corporation which is incorporated, and maintains its principal place of business, in the District of Columbia.

- Plaintiff American Short Line and Regional Railroad Association is a nonstock corporation which is incorporated, and maintains its principal place of business, in the District of Columbia.

April 1, 2024
Page 3

- Plaintiff National Waste & Recycling Association – New York State Chapter is the state chapter of the National Waste & Recycling Association, a nonstock corporation which is incorporated in Illinois and maintains its principal place of business in Virginia.

*Contemplated and Outstanding Motions*

Defendants' motion to dismiss for failure to state a claim (Dkt. 26) was filed on March 6, 2024, and is pending. Plaintiffs' opposition to the motion to dismiss is due on April 3, 2024, and Defendants' reply in support of their motion is due on April 17, 2024.

The parties propose to confer following the resolution of Defendants' motion to dismiss to discuss the appropriate schedule in this case. Plaintiffs take the position that the issues in this case are legal in nature and do not raise any genuine issue of material fact. Plaintiffs contend that, if the Court rejects Defendants' FRSA motion to dismiss argument, then preemption of the Waste By Rail Law under ICCTA is clear, discovery is unnecessary, and cross-motions for summary judgment would be the appropriate way to resolve this case after the Court rules on the motion to dismiss.

Defendants take the position that the complaint fails to state a cause of action and should be dismissed without discovery. However, if Defendants' motion to dismiss is denied, the parties and Court would then be able to assess what discovery is needed to resolve issues of fact prior to motions for summary judgment or trial of this matter.

*Discovery*

No discovery has taken place in this case thus far. The parties propose to confer following the resolution of Defendants' motion to dismiss to discuss whether, and to what extent, discovery is necessary in this case, including for any meaningful settlement negotiations and for otherwise resolving Plaintiffs' claims.

*Settlement Discussions*

The parties have not engaged in settlement discussions in this case. At the moment, the parties are not actively considering settlement to resolve Plaintiffs' claims.

*Estimated Length of Trial*

If this case were to go to trial, the parties' present best estimate of the length of the trial is two days. The case would not be tried by a jury.

The parties do not consent to conducting further proceedings before a United States Magistrate Judge.

April 1, 2024
Page 4

Sincerely,

/s/ *Thomas H. Dupree Jr.*
Thomas H. Dupree Jr. (*pro hac vice*)
Michael K. Murphy (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  202-955-8500
Facsimile:  202-467-0539
TDupree@gibsondunn.com
MMurphy@gibsondunn.com

*Attorneys for Plaintiffs AAR and ASLRRA*

/s/ *Michael G. Murphy*
Megan R. Brillault (MB5562)
Michael G. Murphy (MM5472)
BEVERIDGE & DIAMOND, P.C.
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone:  212-702-5400
Facsimile:  212-702-5454
mbrillault@bdlaw.com
mmurphy@bdlaw.com

James B. Slaughter (*pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone:  202-789-6000
Facsimile:  202-789-6190
jslaughter@bdlaw.com

*Attorneys for Plaintiff NWRA*

LETITIA JAMES
Attorney General of New York
*Attorney for Defendants*

By: /s/ *Philip Bein*
    Philip Bein (PB 1742)

Senior Counsel
New York State Attorney General's Office
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8797
Philip.bein@ag.ny.gov

*\*Electronic signatures used with consent of all parties pursuant to SDNY ECF Rule 8.5(b).*

cc:     All counsel of record (via ECF)