UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS; AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION; and NATIONAL WASTE & RECYCLING ASSOCIATION – NEW YORK STATE CHAPTER,<br><br>                                 Plaintiffs,<br><br>                          v.<br><br>BASIL SEGGOS, *Commissioner of the New York, Department of Environmental Conservation*; and LETITIA JAMES, *Attorney General of New York*, in their official capacities.<br><br>                                 Defendants. | No. 24-CV-135 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

At oral argument, both parties agreed that discovery is unnecessary to determine whether the Waste By Rail Law relates to railroad safety. The parties, however, appear to make competing factual assertions with respect to, among other things, whether the Waste By Rail Law relates to railroad safety. *Compare* Compl. ¶ 41, ECF No. 1 (alleging that the coverings required under the Waste By Rail Law are "unnecessary to protect the public health and safety"), *with* Mem. of Law in Supp. of Mot. to Dismiss 12, ECF No. 27 ("Solid waste can spill from a rail car especially if it lacks a sealed hard lid or is piled too high, potentially causing personal injuries from 'railroad-related accidents and incidents' that the Railway Safety Act is intended to prevent.").

Determination of whether a federal law preempts state law may sometimes require resolution of "subsidiary factual disputes that are part and parcel of the broader legal question." *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 317 (2019) (internal quotation marks omitted); *cf. Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015) ("[W]hen considering a preemption

argument in the context of a motion to dismiss, the factual allegations relevant to preemption must be viewed in the light most favorable to the plaintiff."). Indeed, in prior cases assessing preemption under the Federal Railroad Safety Act and Interstate Commerce Commission Termination Act, the record appears to have informed the court's determination of whether the state action related to railroad safety. *See Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 104 (2d Cir. 2009) (detailing findings of the Administrative Law Judge that conditions of private rail crossing posed "very serious safety concerns"); *CSX Transp., Inc. v. City of Plymouth, Mich.,* 86 F.3d 626, 629–30 (6th Cir. 1996) (relying on a 1989 report of the Secretary of Transportation to conclude that compliance with a local regulation would affect railroad safety); *Iowa, Chi. & E. R.R. Corp. v. Washington Cnty., Iowa*, 384 F.3d 557, 560 (8th Cir. 2004) (noting that "[t]he reasons for replacing the bridges as stated in the stipulated record clearly include a safety component"); *cf. Tyrrell v. Norfolk S. Ry. Co.*, 248 F.3d 517, 523–24 (6th Cir. 2001) (explaining that prior "federal and state case law recognize[d]" the safety benefits of provisions governing track clearance requirements for railroad workers, including the state Supreme Court's previous "classifi[cation of the State] regulation as one dealing with rail safety").

No later than March 10, 2025, the parties shall each file a letter stating their position as to whether determination of the Waste By Rail Law's effect on railroad safety pursuant to 49 U.S.C. § 20106(a), if any, requires resolution of "subsidiary factual disputes," *Albrecht*, 587 U.S. at 317, and/or whether the Court should assume the factual allegations in the Complaint to be true on this motion to dismiss, *see Galper*, 802 F.3d at 444.

Dated:    March 3, 2025
          New York, New York

_____
Ronnie Abrams
United States District Judge