IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS; AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION; and NATIONAL WASTE & RECYCLING ASSOCIATION – NEW YORK STATE CHAPTER,<br><br>Plaintiffs,<br><br>v.<br><br>AMANDA LEFTON, *Acting Commissioner of the New York Department of Environmental Conservation*; and LETITIA JAMES, *Attorney General of New York*, in their official capacities,<br><br>Defendants. | No. 24-CV-135 (RA)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants Amanda Lefton, Acting Commissioner of the New York State Department of Environmental Conservation, and Letitia James, Attorney General of New York, by their attorney, LETITIA JAMES, Attorney General for the State of New York, hereby answer the Complaint of plaintiffs Association of American Railroads ("AAR"), American Short Line and Regional Railroad Association ("ASLRRA") and National Waste & Recycling Association – New York State Chapter ("NWRA") as follows:

## PRELIMINARY STATEMENT

1. Neither admit nor deny the allegations of paragraph 1 as it consists of characterizations of law and policy that do not merit a response.

1

2.  Deny the allegations of paragraph 2 except do not respond to those allegations insofar as they are conclusions of law requiring no response, and respectfully refer the Court to the text of the New York State Environmental Conservation Law (ECL) § 27-0712(2) (effective Dec. 28, 2023) (hereinafter, the "Law") for the best statement of its contents.

3.  Deny the allegations of paragraph 3 except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response.

4.  Deny the allegations of paragraph 4 except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response, and respectfully refer the Court to the text of 49 U.S.C. § 10501(b) for the best statement of its contents.

5.  Neither admit nor deny the allegations of paragraph 5 as they consist of a recitation of requested relief requiring no response.

## PARTIES

6.  Admit on information and belief the allegations in the first, fourth and fifth sentences of paragraph 6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 6.

7.  Admit on information and belief the allegations in the first, third and fourth sentences of paragraph 7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 7.

8.  Admit on information and belief the allegations in the first sentence of

paragraph 8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 8.

9. Deny the allegations of paragraph 9 to the extent that it references the former Commissioner of the New York State Department of Environmental Conservation ("DEC") Basil Seggos, affirmatively aver that the Acting Commissioner of DEC is presently Amanda Lefton, and otherwise admit the allegations of paragraph 9.

10. Admit the allegations of paragraph 10, except neither admit nor deny those allegations insofar as they are conclusions of law requiring no response, and respectfully refer the Court to ECL § 71-2727(2) for the best statement of its contents.

## JURISDICTION AND VENUE

11. Neither admit nor deny the allegations of paragraph 11 as they consist of conclusions of law requiring no response.

12. Neither admit nor deny the allegations of paragraph 12 as they consist of conclusions of law requiring no response.

13. Neither admit nor deny the allegations of paragraph 13 as they consist of conclusions of law requiring no response.

14. Neither admit nor deny the allegations of paragraph 14 as they consist of conclusions of law requiring no response.

## FACTS

15. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except neither admit nor deny those allegations

insofar as they consist of conclusions of law requiring no response and respectfully refer the Court to 49 U.S.C. § 11101(a) for the best statement of its contents.

16. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except admit, on information and belief, that transportation of freight by rail is, in general, fuel efficient when compared to transportation by truck.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admit that members of the referenced organizations maintain interstate rail networks.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except admit that CSX operates an interstate rail network.

19. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admit that Norfolk Southern operates an interstate rail network.

20. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Admit the allegations in the first sentence of paragraph 21. Lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. Admit the allegations in the first sentence of paragraph 22. Admit that CSX transports solid waste off of Long Island. Lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. Admit the allegations in the first sentence of paragraph 23. Lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Admit the allegations of paragraph 29.

30. Neither admit nor deny the allegations of paragraph 30 as they consist of conclusions of law requiring no response, and respectfully refer the Court to ECL § 27-0712(2) for the best statement of its contents.

31. Neither admit nor deny the allegations of paragraph 31 as they consist of conclusions of law requiring no response, and respectfully refer the Court to ECL § 27-0701(1) for the best statement of its contents.

32. Deny the allegations of paragraph 32 except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response.

33. Admit the allegations of paragraph 33.

34. Admit the allegations of paragraph 34 except deny that Basil Seggos is currently the Commissioner of DEC and affirmatively aver that the Acting Commissioner of DEC is currently Amanda Lefton.

35. Neither admit nor deny the allegations of paragraph 35 as they consist of conclusions of law requiring no response and respectfully refer the Court to ECL § 71-2703(1)(a) for the best statement of its contents.

36. Neither admit nor deny the allegations of paragraph 36 as they consist of conclusions of law requiring no response and respectfully refer the Court to ECL § 71-2727(1) for the best statement of its contents.

37. Neither admit nor deny the allegations of paragraph 37 as they consist of conclusions of law requiring no response and respectfully refer the Court to ECL § 71-2727(2) for the best statement of its contents.

38. Admit the allegations of paragraph 38.

39. Admit the allegations in the first sentence of paragraph 39. Deny the remaining allegations of paragraph 39 except admit that, once the State commences enforcement of the Law, failure to comply with the Law could result in penalties.

40. Deny the allegations of paragraph 40 except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response.

41. Deny the allegations of paragraph 41, except lack knowledge or

information sufficient to form a belief about the current practices of all railroads and waste shippers.

42. Deny the allegations of paragraph 42.

43. Deny the allegations of paragraph 43.

44. Deny the allegations of paragraph 44, except lack knowledge or information sufficient to form a belief as to the magnitude of the costs Plaintiffs may incur through compliance.

45. Deny the allegations of paragraph 45.

46. Deny the allegations of paragraph 46.

## CLAIMS FOR RELIEF

### Claim One
### Federal Preemption

47. No response is required to paragraph 47, which incorporates by reference all preceding paragraphs in the Complaint.

48. Deny the allegations of paragraph 48, except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response, and respectfully refer the Court to 49 U.S.C. § 10501(b) for the best statement of its contents.

49. Neither admit nor deny the allegations of paragraph 49 as they consist of conclusions of law requiring no response, and respectfully refer the Court to 49 U.S.C. § 10102(9) for the best statement of its contents.

50. Neither admit nor deny the allegations of paragraph 50 as they consist

of conclusions of law requiring no response.

51. Neither admit nor deny the allegations of paragraph 51 as they consist of conclusions of law requiring no response.

52. Neither admit nor deny the allegations of paragraph 52 as they consist of conclusions of law requiring no response.

53. Neither admit nor deny the allegations of paragraph 53 as they consist of conclusions of law requiring no response, and respectfully refer the Court to 49 U.S.C. § 10908(e)(1)(H) for the best statement of its contents.

54. Deny the allegations of paragraph 54.

55. Deny the allegations of paragraph 55.

56. Deny the allegations of paragraph 56.

57. Deny the allegations of paragraph 57, except neither admit nor deny those allegations insofar as they consist of conclusions of law requiring no response, and respectfully refer the Court to 49 U.S.C. § 20106(a)(1) for the best statement of its contents. As to the Hazardous Materials Transportation Act, 49 U.S.C. § 5125, Plaintiffs stipulated that they "will not pursue the [Hazardous Materials Transportation Act] claim" (Dkt. 45-1, at 1).

### Claim Two
### Declaratory Relief Under 28 U.S.C. § 2201

58. No response is required to paragraph 58, which incorporates by reference all preceding paragraphs in the Complaint.

59. Neither admit nor deny the allegations of paragraph 59 as they consist

of conclusions of law requiring no response.

60. Deny the allegations of paragraph 60.

## Claim Three
## Injunctive Relief Under 42 U.S.C. § 1983
## and the Court's Equitable Powers

61. No response is required to paragraph 61, which incorporates by reference all preceding paragraphs in the Complaint.

62. Deny the allegations of paragraph 62.

63. Deny the allegations of paragraph 63.

64. Deny the allegations of paragraph 64.

## PRAYER FOR RELIEF

Neither admit nor deny the prayer for relief as it requires no response.

## DEFENSES

Without limiting or waiving any other defenses available to them, Defendants hereby assert the following defenses to the Complaint:

1. Some or all Plaintiffs lack standing to bring this action.

2. Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted.

3. The Law (as defined above in paragraph 2) is not preempted by federal law.

4. There is neither factual nor legal support for injunctive or equitable relief.

5. Defendants reserve the right to raise additional defenses.

9

**WHEREFORE**, Defendants respectfully request judgment against Plaintiffs as follows:

    a.    Dismissing the claims in the Complaint against Defendants in their entirety;

    b.    Assessing the costs of this litigation against Plaintiffs; and

    c.    Such other and further relief as this Court deems appropriate.

Dated: New York, New York
       May 20, 2025

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York

By: _/s/ Max Shterngel_____
Max Shterngel
Assistant Attorney General
Environmental Protection Bureau
28 Liberty St., 19th Fl.
New York, New York 10005
Telephone: 212-416-6692
max.shterngel@ag.ny.gov