

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

Writer's direct number 212-416-6692

max.shterngel@ag.ny.gov

July 31, 2025

**VIA CM/ECF**

| | |
|---|---|
| Hon. Ronnie Abrams | Hon. Valerie Figueredo |
| United States District Judge | United States Magistrate Judge |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| Thurgood Marshall U.S. Courthouse | Daniel Patrick Moynihan U.S. Courthouse |
| 40 Foley Square, Rm. 2203 | 500 Pearl Street, Rm. 1660 |
| New York, NY 10007 | New York, NY 10007 |

Re: *Ass'n of American Railroads et al. v. Lefton et al.*,
No. 24-cv-135 (S.D.N.Y.)

Dear Judge Abrams and Judge Figueredo:

The parties submit this joint letter motion to request the Court's approval of the accompanying Confidentiality Stipulation and Protective Order ("Proposed Protective Order," attached hereto as Exhibit 1) governing production of confidential information during discovery. In accordance with Section II.b of Judge Figueredo's Individual Practices in Civil Cases, we enclose the blackline version of the Proposed Protective Order (enclosed herewith as Exhibit 2) and below explain variations from the model protective order referred to in Judge Figueredo's Individual Practices.[1]

The Proposed Protective Order varies from Judge Figueredo's model protective order in several respects:

- The Proposed Protective Order extends the protective requirements to non-parties (from whom discovery may be subpoenaed), so they must follow the same procedures for designating confidential information as the parties.

---

[1] https://nysd.uscourts.gov/model-confidentiality-stipulation-and-proposed-protective-order-2

Environmental Protection Bureau | 28 Liberty Street | New York NY 10005 | main number 212-416-6446

- The Proposed Protective Order defines the term "Confidential Information" in the first paragraph, since the term is referenced throughout the document.

- The Proposed Protective Order consistently references "Stipulation and Protective Order" as opposed to only "Protective Order" to reflect the parties' mutual agreement to its provisions.

- Paragraph 5 of the Proposed Protective Order makes clear that the parties may share materials designated as "Confidential Information" with individuals who fall into the categories listed in sections 4.a, 4.b., and 4.d without obtaining a signed Agreement from such persons in the form attached to the Proposed Protective Order as Exhibit A. Only if Confidential Information is to be shared with individuals who fall into the category identified in section 4.c—"[c]onsultants or experts assisting in the prosecution or defense of the matter"—must counsel require that such a person execute the Agreement in the form attached as Exhibit A before Confidential Information is shared with them.

- The form of the Agreement attached to the Proposed Protective Order as Exhibit A has been modified to make clear that a person, after signing such an Agreement, may share Confidential Information with persons who are authorized to receive Confidential Information pursuant to the Stipulation and Protective Order, and with other individuals who have signed such an Agreement. This edit is appropriate because it may be practically necessary for "consultants or experts assisting in the prosecution or defense" of this litigation to share Confidential Information received in the course of their professional services with other persons authorized to receive such information.

We thank the Court for its attention to this matter. Should the Court have any questions about the Proposed Protective Order, counsel will of course make ourselves available to answer the Court's questions.

Respectfully submitted,

> This matter has been referred by separate order to Magistrate Judge Figueredo for general pretrial matters. Accordingly, Judge Figueredo will determine whether to enter the parties' proposed Confidentiality Stipulation and Protective Order.
>
> SO ORDERED.
>
> _/s/ Ronnie Abrams_
> Hon. Ronnie Abrams
> August 4, 2025

**LETITIA JAMES**
Attorney General of New York

By: */s/ Max Shterngel*
    Max Shterngel
    Assistant Attorney General
    Andrew J. Gershon
    Senior Counsel and Assistant Attorney General
    Office of the Attorney General
    28 Liberty Street, 19th Floor
    New York, New York 10005
    Telephone: (212) 416-6692
    max.shterngel@ag.ny.gov
    andrew.gershon@ag.ny.gov

*Attorneys for Defendants*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Alexander T. Boudreau*
    Thomas H. Dupree, Jr.,
    Michael K. Murphy
    Alexander T. Boudreau
    1700 M. Street NW
    Washington, DC 20036
    Telephone: (202) 955-8500
    TDupree@gibsondunn.com
    MMurphy@gibsondunn.com
    ABoudreau@gibsondunn.com

*Attorneys for Plaintiffs Association of American Railroads and American Short Line and Regional Railroad Association*

**BEVERIDGE & DIAMOND, P.C.**

By: */s/ Megan R. Brillault*
    Megan R. Brillault
    Michael G. Murphy          James B. Slaughter
    825 Third Avenue, 16th Floor    1900 N Street, NW, Suite 100
    New York, NY 10022           Washington, DC 20036
    Telephone: (212) 704-5200     Telephone: (202) 789-6000
    mbrillault@bdlaw.com          jslaughter@bdlaw.com
    mmurphy@bdlaw.com

*Attorneys for Plaintiff National Waste & Recycling Association – NYS Chapter*

Enclosures

# EXHIBIT 1

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Association of American Railroads;<br>American Short Line and Regional Railroad<br>Association; and National Waste & Recycling<br>Association – New York State Chapter,<br><br>                          Plaintiffs,<br>    v.<br><br>Amanda Lefton, Commissioner of the New York Department of Environmental Conservation; and Letitia James, Attorney General of New York, *in their official capacities*,<br><br>                          Defendants. | No. 24 Civ. 00135<br>(RA) (VF)<br><br>CONFIDENTIALITY<br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER |

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **STIPULATED BY THE PARTIES AND ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties, or subpoenaed or otherwise obtained from non-parties, in connection with the pre-trial phase of this action:

      1.    Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential (hereinafter, "Confidential Information") will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party or non-party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulation and Protective Order constitutes an admission by any party or non-party that Confidential Information disclosed in this case is relevant or admissible. Each party or non-party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    The parties should meet and confer if any production (including by any

non-party) requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. With the exception of persons falling into categories 4.a, 4.b, and 4.d above, prior to disclosing or displaying the Confidential Information to any person falling into category 4.c above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person, with the exception of (i) persons falling into categories 4.a, 4.b, and 4.d above, and (ii) other persons falling into category 4.c above who have signed the agreement to be bound by this Stipulation and Protective Order in the form attached as Exhibit A; and

    c. Require each such person to sign an agreement to be bound by this Stipulation and Protective Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Protective Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the

party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9. Nothing contained herein is intended to or shall serve to limit a party or non-party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties or non-parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: July 31, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Alexander T. Boudreau*
    Thomas H. Dupree, Jr.,
    Michael K. Murphy
    Alexander T. Boudreau
    1700 M. Street NW
    Washington, DC 20036

Telephone: (202) 955-8500
TDupree@gibsondunn.com
MMurphy@gibsondunn.com
ABoudreau@gibsondunn.com

*Attorneys for Plaintiffs Association of American Railroads and American Short Line and Regional Railroad Association*

**BEVERIDGE & DIAMOND, P.C.**

By: */s/ Megan R. Brillault*

| | |
|---|---|
| Megan R. Brillault | |
| Michael G. Murphy | James B. Slaughter |
| 825 Third Avenue, 16th Floor | 1900 N Street, NW, Suite 100 |
| New York, NY 10022 | Washington, DC 20036 |
| Telephone: (212) 704-5200 | Telephone: (202) 789-6000 |
| mbrillault@bdlaw.com | jslaughter@bdlaw.com |
| mmurphy@bdlaw.com | |

*Attorneys for Plaintiff National Waste & Recycling Association – New York State Chapter*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Max Shterngel*

Max Shterngel
Assistant Attorney General
Andrew J. Gershon
Senior Counsel and Assistant Attorney General
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
Telephone: (212) 416-6692
max.shterngel@ag.ny.gov
andrew.gershon@ag.ny.gov

*Attorneys for Defendants Amanda Lefton, Commissioner of the New York State Department of Environmental Conservation and Letitia James, Attorney General of New York, in their official capacities*

**SO ORDERED:**

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Association of American Railroads; American Short Line and Regional Railroad Association; and National Waste & Recycling Association – New York State Chapter,<br><br>     Plaintiffs,<br> v.<br><br>Amanda Lefton, Commissioner of the New York Department of Environmental Conservation; and Letitia James, Attorney General of New York, *in their official capacities*,<br><br>     Defendants. | No. 24 Civ. 00135<br>(RA) (VF)<br><br>Exhibit A |

## AGREEMENT

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are Confidential Information as defined in the Confidentiality Stipulation and Protective Order ("Order") approved by the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person who is not authorized to receive such documents pursuant to the Court's Order or who has not themselves signed this Agreement. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
[Name of Signatory]

Affiliation: _____

Signed in the presence of:

_____
(Attorney)

# EXHIBIT 2

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| Association of American Railroads; American Short Line and Regional Railroad Association; and National Waste & Recycling Association – New York State Chapter,<br><br>       Plaintiffs,<br> v.<br><br>Amanda Lefton, Commissioner of the New York Department of Environmental Conservation; and Letitia James, Attorney General of New York, *in their official capacities*,<br><br>       Defendants. | ~~CIVIL ACTION N~~O~~o.:~~ 24 Civ. 00135 (RA) (VF)<br><br><u>~~MODEL~~ CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER</u> |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

<u>STIPULATED BY THE PARTIES AND</u> **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties<u>, or subpoenaed or otherwise obtained from non-parties,</u> in connection with the pre-trial phase of this action:

1. Counsel for any party <u>or non-party</u> may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential<u> (hereinafter, "Confidential Information")</u> will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party<u> or non-party</u>'s designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this <u>Stipulation and </u>Protective Order constitutes an admission by any party <u>or non-party </u>that Confidential Information disclosed in this case is relevant or admissible. Each party <u>or non-party </u>reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production<u> (including by any</u>

non-party) requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.    With the exception of persons falling into categories 4.a, 4.b, and 4.d above, ~~Prior~~ prior to disclosing or displaying the Confidential Information to any person falling into category 4.c above, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person, with the exception of (i) persons falling into categories 4.a, 4.b, and 4.d above, and (ii) other persons falling into category 4.c above who have signed the agreement to be bound by this Stipulation and Protective Order in the form attached as Exhibit A; and

    c.    Require each such person to sign an agreement to be bound by this Stipulation and Protective Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Protective Order.

7.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the

party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9. Nothing contained herein is intended to or shall serve to limit a party's or non-party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Notwithstanding the designation of information as "~~Confidential~~CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties or non-parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: July 31, 2025


**GIBSON, DUNN & CRUTCHER LLP**

By: _____
    Thomas H. Dupree, Jr.,
    Michael K. Murphy
    Alexander T. Boudreau
    1700 M. Street NW
    Washington, DC 20036

Telephone: (202) 955-8500
TDupree@gibsondunn.com
MMurphy@gibsondunn.com
ABoudreau@gibsondunn.com

*Attorneys for Plaintiffs Association of American Railroads and American Short Line and Regional Railroad Association*

**BEVERIDGE & DIAMOND, P.C.**

By: _____

| | |
|---|---|
| Megan R. Brillault | |
| Michael G. Murphy | James B. Slaughter |
| 825 Third Avenue, 16th Floor | 1900 N Street, NW, Suite 100 |
| New York, NY 10022 | Washington, DC 20036 |
| Telephone: (212) 704-5200 | Telephone: (202) 789-6000 |
| mbrillault@bdlaw.com | jslaughter@bdlaw.com |
| mmurphy@bdlaw.com | |

*Attorneys for Plaintiff National Waste & Recycling Association – New York State Chapter*

**LETITIA JAMES**
Attorney General of New York

By: _____

Max Shterngel
Assistant Attorney General
Andrew J. Gershon
Senior Counsel and Assistant Attorney General
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
Telephone: (212) 416-6692
max.shterngel@ag.ny.gov
andrew.gershon@ag.ny.gov

*Attorneys for Defendants Amanda Lefton, Commissioner of the New York State Department of Environmental Conservation and Letitia James, Attorney General of New York, in their official capacities*

**SO ORDERED:**

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Association of American Railroads; American Short Line and Regional Railroad Association; and National Waste & Recycling Association – New York State Chapter,<br><br>     Plaintiffs,<br> v.<br><br>Amanda Lefton, Commissioner of the New York Department of Environmental Conservation; and Letitia James, Attorney General of New York, *in their official capacities*,<br><br>     Defendants. | No. 24 Civ. 00135<br>(RA) (VF)<br><br>Exhibit A |

## AGREEMENT

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the <ins>above-captioned</ins> matter <del>entitled</del> have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are <del>confidential</del> <ins>Confidential Information</ins> <del>by</del> <ins>as defined in the Confidentiality Stipulation and Protective</ins> Order <ins>("Order")</ins> <del>of</del> <ins>approved by</ins> the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person <ins>who is not authorized to receive such documents pursuant to the Court's Order or who has not themselves signed this Agreement</ins>. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
 [Name of Signatory]

Affiliation: _____

Signed in the presence of:

_____
(Attorney)